ACCEPTED
04-14-00783-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/1/2015 4:39:12 PM
KEITH HOTTLE
CLERK

No. 04-14-00783-CR

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

3/2/2015 8:43:00 AM

KEITH E. HOTTLE
Clerk

IN THE COURT OF APPEALS
FOR THE FOURTH COURT OF APPEALS DISTRICT
SITTING AT SAN ANTONIO

_____

Joseph T. Gabay,
                    Appellant

vs.

The State of Texas,
                    Appellee

_____

Appeal from the 216th Judicial District Court, Kendall County, Texas.
The Hon. Keith Williams, Judge Presiding

_____

MOTION
TO WITHDRAW ORDER OF ABATEMENT TO
THE TRIAL COURT DATED FEBRUARY 3, 2015 AND
DISMISSAL OF THIS APPEAL FOR LACK OF JURISDICTION

Respectfully submitted,

Law Offices of Frank Y. Hill, Jr.
P.O. Box 387
Boerne, Texas 78006
830-816-2569
Attorney for Appellant

1

No. 04-14-00783-CR

IN THE COURT OF APPEALS
FOR THE FOURTH COURT OF APPEALS DISTRICT
SITTING AT SAN ANTONIO

_____

JOSEPH T. GABAY,
                                    Appellant
VS.

THE STATE OF TEXAS,
                                    Appellee

_____

Appeal from the 216th Judicial District Court, Kendall County, Texas.
The Hon. Keith Williams, Judge Presiding:

_____

MOTION
TO WITHDRAW ORDER OF ABATEMENT TO
THE TRIAL COURT DATED FEBRUARY 3, 2015 AND
DISMISSAL OF THIS APPEAL FOR LACK OF JURISDICTION

TO THE HONORABLE, THE CHIEF JUSTICE AND ASSOCIATE JUSTICES OF THE COURT OF APPEALS, FOR THE 4TH SUPREME JUDICIAL DISTRICT OF TEXAS, SITTING AT SAN ANTONIO.

GROUNDS FOR RELIEF
[From the Record]

The Clerk's Record (CR) on file before this Court at page 255 displays the Trial Court's "Judgment on Jury Verdict of Guilty", signed March 10, 2014; at page 266 displays the Trial Court's "Judgment on Jury Verdict of Guilty Punishment Fixed by Court", signed March 27, 2014; and at page 284 displays the Trial Court's "Agreed Order Setting Aside Judgment" signed and entered August 7, 2014.

2

On August 7, 2014 the Court heard the Defendant's Motion to Set Aside Judgment (CR 284) resulting in the Agreed Order of August 7, 2014[1].

At Reporter's Record Vol. 7, P 26, L 4 through L 19 the following is found:

> "THE COURT: All right. The Court is granting the Motion to Set Aside Judgment, so that the judgment which incorrectly -- does not correctly reflect the verbage of the actual verdict, that is set aside. And it will be replaced with a **new judgment** that properly reflects the actual verbage and language of the jury verdict stating, quote, we the jury find the Defendant, Joseph Thomas Gabay, guilty of the offense of failure to stop and render aide as charged in the indictment. [emphasis added]

> "That will be the order of the Court. And Mr. Wadsworth I would ask that a **new judgment** be prepared exactly like the former judgment that I just set aside, with the exception of revising the language to accurately reflect the precise verbage from the jury verdict". [emphasis added]

Further, at Reporter's Record, Vol. 7, P 29, L 3 through L 12, the following is found:

> "THE COURT: Okay. That order has been approved. It says, ordered that the judgment signed herein May 27, 2014, being (be and) the same is hereby set aside in accordance with the rulings from the Court made on the record August 7, 2014. And then signed by both attorneys and by the Court.

> "All right. Now, Mr. Hill, Mr. Wadsworth has prepared a **new judgment** here. Have you looked at it". [emphasis added]

The reporter's record, Vol. 7, P 29, L 13 through P 34, L 15 reflects a colloquy back and forth between counsel and the Court regarding the **"new judgment"**, concluding at Vol. 7, P 34, L 15 as follows:

> "THE COURT: Do we have a judgment for me to sign, Mr. Wadsworth?

---

[1] The entire proceedings in the Trial Court on August 7, 2014 on the Defendant's Motion to Set Aside Judgment appear in the reporter's record in Vol. 7, P. 4, L 3 through P. 34, L 17.

"MR. WADSWORTH: You know what Judge our printer ran out of ink. I have it saved to my zip. So - -

"THE COURT: Okay. I am going to be here in the morning.

"MR. WADSWORTH: We can print it off in the Clerk's office. Never mind she comes prepared.

(Off the record.)"

After the foregoing occurred, the Defendant prevailed on the Court to bench file the Defendant's previously filed Motion for Bond Pending Appeal, following which an evidentiary hearing was had thereon.

Notwithstanding the foregoing, no further judgment was signed and entered by the Trial Court, as demonstrated by the absence thereof in the Clerk's Record on file herein.

## RELIEF SOUGHT

It is clear that " * * * a written judgment in the form prescribed by statute is held indispensable to the jurisdiction of the Appellate Court, * * *," as stated in *Johns v. State*, 795 S.W.2d 199 (Tex.Crim.App. 1990) footnote 6; and see *Martin v. State* 227 S.W.2d 213, 215-16 (Tex.Crim.App. 1950); also *Ex parte Kopecky* 821 S.W.2d 957, 960 (Tex.Crim.App. 1992).

All steps taken by the Defendant to appeal this matter, including the filing of Appellant's Notice of Appeal (CR - 297) refer **erroneously** to a Trial Court judgment as having been signed and entered on August 7, 2014, which unfortunately is not bourn out by the record as demonstrated by the foregoing analysis.

4

While a Trial Court judgment is essential to the jurisdiction of the Appellate Court, nevertheless the Appellate Court has jurisdiction to determine whether it has jurisdiction of an apparent/attempted appeal.

Appellant acknowledges that he erroneously represented to this Court that a final appealable judgment had been signed and entered in the Trial Court, and thereafter, in the belief this Court did have jurisdiction of the appeal, represented to this Court that it had jurisdiction, and in the exercise thereof to abate this appeal to the Trial Court for reasons relevant to Code of Criminal Procedure, Art. 38.22, 6.

While it is irregular for an Appellant to seek dismissal of his own appeal, this Court's granting **at this time** of Appellant's **belated** Motion to Withdraw Order of Abatement to the Trial Court Dated February 3, 2015 and Dismissal of this Appeal for Lack of Jurisdiction will expedite further proceedings leading to a valid appeal to this Court and for a more **timely determination** of the merits of Appellant's complaints that reversible error was committed in his trial for the offense alleged in the indictment.

PRAYER

Appellant prays that this his Motion to Withdraw Order of Abatement to the Trial Court Dated February 3, 2015 and Dismissal of this Appeal for Lack of Jurisdiction be granted and for general relief.

Respectfully Submitted,

*Frank Hill*

FYH/kh

Frank Y. Hill, Jr.
P.O. Box 387
Boerne, Texas 78006
830-816-2569
Attorney for Appellant

Certificate Of Service

I certify that a true and correct copy of the above and foregoing instrument was provided to the following named person(s) by a e-filing this the 1st day of March, 2015.

E. Bruce Curry
Criminal District Attorney
216th Judicial District
200 Earl Garrett Street
Kerrville, Texas 78028

Steve Wadsworth, ADA
John Hoover, ADA

_____
Frank Y. Hill, Jr.